## LEE PARKER v. THE STATE.

No. 16137.   Delivered November 22, 1933.
Reported in 65 S. W. (2d) 769.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

The state's witness Cole testified that he purchased two pints of whisky from the appellant. Cole claims to have been drunk, and his testimony is somewhat confusing. In some places he said he got whisky from the appellant and in others he said that he bought it from a woman in the presence of the appellant. Cole described two transactions at different places in each of which he bought a pint of whisky and paid one dollar per pint. The appellant was present, but so far as the record shows, the whisky was delivered to Cole by a woman at a place where he was conducted by the appellant. Cole testified that on the 19th day of July, 1932, there was a transaction near Camp Landau in which he got a pint of whisky from the appellant; that he bought whisky twice on the same day. It appears from the statement of facts that on another occasion at the same place Cole obtained beer through the instrumentality of the appellant. The court instructed the jury that the only evidence before them for a conviction which could be considered was the transaction occurring on or about the 19th of July, 1932, and that they would disregard the testimony touching the transaction occurring at 957 Locust Street.

There are no bills of exception in the record and no exceptions to the court's charge.

In the motion for new trial there is complaint that the jury was not confined to the transaction on the 19th of July, but was permitted to consider against the appellant, as developed from the evidence, also the transaction occurring on the 19th of August. As stated above, the court limited the transaction to that of the 19th of July, at a certain place, eliminating the transactions at other places. . There are no bills of exception and the lowest penalty was assessed. We have been favored with no brief in behalf of the appellant.

Perceiving no error in the record, the judgment is affirmed.

*Affirmed.*